IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DEBORAH KELLEY,                )
                               )
                   Plaintiff,  )
                               )
v.                             )   Case No. CIV-06-229-KEW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
                   Defendant.  )

## OPINION AND ORDER

Plaintiff Deborah Kelley, (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED AND REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any

1

other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

Claimant was born on February 6, 1964 and was 40 years old at the time of the hearing. She completed her Graduate Equivalency Degree (GED) and, therefore, has a high school education. Claimant previously worked as a cook, certified nurse's aide, and truck driver. Claimant alleges an inability to work beginning April 15, 2000 due to panic attacks, mood swings, bipolar disorder, obsessive compulsive disorder, social phobia, and psychotic symptoms.

## Procedural History

On April 1, 2003, Claimant filed for Supplemental Security benefits under Title XVI of the Social Security Act (42 U.S.C. § 1381, et seq.). Claimant's application for benefits was denied initially and upon reconsideration. Claimant filed an untimely request for a hearing which was granted based on good cause. Claimant appeared at a hearing before ALJ Larry M. Weber on April 13, 2005 in Hugo, Oklahoma. By decision dated December 30, 2005, the ALJ found that Claimant was not disabled at any time through the date of the decision. On July 7, 2006, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and she retained the residual function capacity ("RFC") to perform a wide range of sedentary work. Although she was unable to perform her past relevant work, testimony from a Vocational Expert ("VE") was used to determine that a significant number of jobs were available in the national and regional economies that Claimant could perform.

## Review

Claimant asserts the ALJ committed error requiring reversal in: (1) failing to discuss probative evidence in the record which conflicted with his findings; (2) assessing Claimant's RFC consistently with the medical evidence in the record; and (3) failing to perform a proper credibility analysis.

## RFC Assessment

Claimant argues that the ALJ erred by failing to discuss significant evidence from the consultative physician in his decision. The failure to consider the report from the consultative physician forms the basis for his argument that the ALJ's RFC assessment is not supported by substantial evidence.

Claimant was referred for a consultative psychological evaluation with Larry Vaught, Ph.D. on July 25, 2005. By history, Dr. Vaught noted that Claimant was currently receiving counseling at Mental Health Services of Southern Oklahoma and had been prescribed "Xanax, 2mg, TID; Gabitril, 6 mg, BID; and Seroquel, 300mg, BID." (Tr. 189). Claimant reported that the "medications keep her calm. However, she much prefers to be at home and was very anxious about leaving to enter public." (Tr. 189). In his assessment, Dr. Vaught concluded Claimant "presents as a reserved individual with restrictive and flattened affect. The MMPI-II suggest the possibility of serious psychopathology, including depression and psychotic features. There is a history of abuse, both as a child and as an adult. She describes herself as extremely avoidant. She is prescribed multiple psychotropic medications as noted above, which may help some with the intensity of her symptoms. In the area of activities of daily living, she reports she has variable energy. She does not like to leave the house. Her boyfriend helps around the house.

She bathes irregularly. She does report occasional bursts of energy when she will 'get busy on the house,' though these are infrequent. In the areas of concentration, persistence and pace, her thinking appears to be somewhat slowed. She had significant difficulty remembering four words after twenty minutes. In fact, she could not remember earlier reciting the words. She had difficulties with other aspects of the mental status exam as well in that items seemed somewhat laborious for her." (Tr. 192). Claimant was diagnosed with a "Mood Disorder, NOS with Psychotic Features; Anxiety Disorder, NOS; Rule Out Post-Traumatic Stress Disorder, Chronic; and Dependent Features." (Tr. 192-193).

Dr. Vaught completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental). As a part of this Medical Source Statement, moderate limitations are defined as: "There is moderate limitation in this area but the individual is still able to function satisfactorily." Marked limitations are defined as "There is serious limitation in this area. The ability to function is severely limited but not precluded." (Tr. 195). In his report, Dr. Vaught opined that marked limitations were found in the ability to: (1) understand and remember detailed instructions; and (2) carry out detailed instructions. (Tr. 195). Further, Dr. Vaught opined "[g]enerally, cognitive functioning seems slow and laborious. She could not remember being asked to recite 4 words 20 minutes earlier." (Tr. 195). Additional marked limitations were found in the ability to: (1) interact appropriately with the public; and (2) respond appropriately to changes in a routine work setting. Moderate limitations were found in the ability to: (1) interact appropriately with supervisors; (2) interact appropriately with co-workers; and (3) respond appropriately to changes in a routine work setting. (Tr. 196). Dr. Vaught stated "[p]ublic exposure would be difficult. She would probably do better [with] only a few co-

workers without a lot of interaction." (Tr. 196).

In his decision, the ALJ determined "that in the area of restriction of activities of daily living, claimant's mental impairments cause a moderate degree of limitation; that in the area of difficulties in maintaining social functioning, the claimant's mental impairments cause a moderate degree of limitation; that in the area of deficiencies of maintaining concentration, persistence, or pace, the claimant's mental impairments cause a marked degree of limitation; and that in the area of repeated episodes of decompensation, the claimant has a rating on none." (Tr. 23). The ALJ found "that the claimant retains the mental residual functional capacity to perform simple tasks on a routine basis and can relate to supervisors and coworkers for work purposes. The claimant should avoid working with the general public." (Tr. 25).

It is clearly established that the ALJ is not required to discuss every piece of evidence in the record. However, the ALJ is required to "discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). This Court finds that the ALJ's discussion of the relevant evidence was sufficient to determine if his conclusions were reasonable. Potter v. Secretary of Health & Human Services, 905 F.2d 1346, 1348 (10th Cir. 1990). The ALJ's RFC assessment was consistent with the opinion rendered by the consultative physician and, therefore, supported by substantial evidence.

**Credibility Determination**

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the

province of the finder of fact," and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; WL 374186, 3.

Claimant contends the ALJ did not base his credibility findings on substantial evidence. In his findings, the ALJ's only discussion of Claimant's credibility occurred when he stated "the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." (Tr. 27). Although the ALJ is not required to perform a formalistic factor-by-factor recitation of the evidence, some evidence must be set forth stating the specific evidence relied upon in evaluating Claimant's credibility. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Because the ALJ failed to provide an adequate link between his credibility finding and the evidence, his findings are not supported by substantial evidence. On remand, the ALJ shall reevaluate Claimant's credibility with specific evidentiary references to the record.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this  6th  day of November, 2007.

_____
KIMBERLY E. WEST
U.S. MAGISTRATE JUDGE