IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DEBORAH S. KELLEY,

   Plaintiff,

v.          Case No. CIV-06-229-KEW

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

   Defendant.

## OPINION AND ORDER

  Plaintiff, through counsel, has moved the Court for an award of attorney's fees and costs pursuant to the provisions of the Equal Access to Justice Act ("EAJA"), codified at 28 U.S.C. § 2412(d) after successfully prosecuting the appeal of Defendant's decision denying benefits under the Social Security Act. Specifically, Plaintiff seeks EAJA fees in the total amount of $6,935.40.

  This Court determined Defendant's decision should be reversed and the remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g). Accordingly, Plaintiff is deemed the prevailing party in this action. Hackett v. Barnhart, 475 F.3d 1166, 1168 (10th Cir. 2007). In her response, Defendant states that she has no objection to a reasonable attorney fee in the amount of $6,935.40. The Court has reviewed the record in this case, including Plaintiff's Application, and concurs in the award requested. Consequently, Plaintiff's Petition for the Award of Attorney's Fees Under the Equal Access to Justice Act filed January 31, 2008 (Docket Entry

#26) is hereby **GRANTED** and Defendant is ordered to pay Plaintiff's attorney's fees in the amount of $6,935.40. Given the recent pronouncement by the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel as requested in the Application. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

This Court also notes the insertion of language at the end of Plaintiff's request for fees which purportedly asserts an attorney lien based upon certain cited Oklahoma authority. Defendant expends briefing on the issue of the validity of any such liens. This Court does not perceive the inclusion of the attorney lien language in the request as seeking any ruling or making any request for court enforcement. As such, this Court declines to make any pronouncement concerning any claimed or unclaimed, valid or invalid attorney's lien.

IT IS SO ORDERED this 3rd day of April, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE